UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS TOOLEY, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| VANGUARD EQUITIES, LLC, an Illinois Limited Liability Company, | ) ) ) |
| Defendant. | ) ) |

CASE NO.: 1:19-cv-6572

Honorable Judge Steven. C. Seeger

Magistrate Judge Gabriel A. Fuentes

### FIRST AMENDED COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this First Amended Complaint and sues VANGUARD EQUITIES, LLC, an Illinois Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY, (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana.

1

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.

6. Defendant, VANGUARD EQUITIES, LLC, an Illinois Limited Liability Company, (hereinafter referred to as "VANGUARD" or "Defendant"), is registered to do business in the State of Illinois. Upon information and belief, VANGUARD is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the ("Property"), known as Schaumburg Marketplace, generally located at 155-255 W. Golf Road, Schaumburg, Illinois 60195.

7. All events giving rise to this lawsuit occurred in the Northern District of Illinois.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza is open to the public and provides goods and services to the public.

10. Plaintiff MR. TOOLEY has visited the Property multiple times and attempted to utilize the goods and services offered at the Property. During his visits, MR. TOOLEY

experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this First Amended Complaint.

11. Plaintiff MR. TOOLEY travels to Schaumburg, Illinois often because he has family in the area and because he is a talent scout for comedians and visits the comedy clubs in the area frequently to search for new talent. Specifically, he travels to the Chicago Improv Comedy Club in Schaumburg, Illinois several times a year which is located less than three miles away from the Property.

12. MR. TOOLEY still desires to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

13. Despite the difficulties he faces, MR. TOOLEY still enjoys the selections of stores and eateries at the Property and plans to and will visit the Property in the near future to utilize the goods and services offered thereon during his next planned trip to Schaumburg in December and at least 2-3 times a year after that. Specifically, he enjoys dining at 92 Town Korean BBQ Restaurant and Thai Garden and enjoys shopping at Hobby Town USA.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following barriers to access which were personally observed and encountered by Plaintiff and which completely prevented his access to the store:

   A. Plaintiff personally encountered inaccessible parking designated as accessible throughout the Property due to excessive cross slopes which

        caused him difficulty when exiting his vehicle because he had to take extra caution not to fall;

    B.    Plaintiff personally encountered inaccessible ramps and curb ramps throughout the Property due to excessive lips, excessive long slopes, excessively sloped side flares, lack of level landings at tops of ramps, and lack of handrails which caused him to difficulty when traversing them due to the extra care he had to take not to fall or tip over; and

    C.    Plaintiff personally encountered inaccessible routes throughout the Property due to excessive slopes and lack of handrails which caused him to difficulty when traversing them due to the extra care he had to take not to fall or tip over.

15. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

>Respectfully Submitted,
>
>KU & MUSSMAN, P.A.
>Attorneys for Plaintiff
>18501 Pines Blvd, Suite 209-A
>Pembroke Pines, Florida 33029
>Tel: (305) 891-1322
>Fax: (305) 891-4512
>
>By: */s/ Brian W. Coffman, Esq.*
>Brian W. Coffman, Esq. #6285942

>COFFMAN LAW OFFICES P.C.
>Of Counsel
>2615 North Sheffield Avenue, Suite #1
>Chicago, IL 60614
>Tel: 773-348-1295
>Fax: 773-242-6188
>Email: bcoffmanlaw@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 12th day of November, 2019, a true and correct copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system, and that same will therefore be electronically served upon all attorneys of record with the Court's CM/ECF system.

>By: */s/ Brian W. Coffman, Esq.*
>Brian W. Coffman, Esq. #6285942